IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

2015 MAR 19  AM 9: 26

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____
                    DEPUTY

MARC WEIN,

                **Plaintiff,**

-vs-

                                          **Case No.  A-15-CA-19-SS**

LIBERTY LLOYDS OF TEXAS INSURANCE
COMPANY et al.,

                **Defendants.**

## O R D E R

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Plaintiff Marc Wein's Motion to Remand [#12], Defendants Liberty Lloyds of Texas Insurance Company, Liberty Mutual Group, Inc., and Liberty Mutual Auto and Home Services, LLC's Response [#14], and Plaintiff's Reply [#15].  Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders DENYING the motion.

### Background

This suit arises from an allegedly unpaid homeowner's insurance claim.  On January 23, 2013, Plaintiff Marc Wein's home was vandalized, causing serious damage.  Wein thereafter filed an insurance claim with Liberty Mutual,[1] his insurer, which, according to Wein, has not paid all of

---

[1] Wein has named Liberty Lloyds of Texas Insurance Company, Liberty Mutual Group, Inc., Liberty Mutual Auto and Home Services, and Liberty Insurance Corporation (among others) as defendants.  Because he refers to all of the Liberty-affiliated defendants collectively as "Liberty Mutual," it is unclear which of the defendants Wein alleges issued his insurance policy.  *See* Am. Compl. [#4] at 1.  This loose nomenclature is evidently a symptom of Wein's allegations the Liberty defendants are engaged in a joint enterprise or are alter egos of one another.  *See id.* at 14–15. More on this below.



the benefits to which Wein is entitled.  Wein brings claims against various Liberty entities, several Liberty adjusters and investigators assigned to his claim, and two arms of Blackmon Mooring, the company that performed repairs on his home following the vandalism, for "unfair discrimination," negligence, gross negligence, breach of contract, violations of the Texas Deceptive Trade Practices Act, violations of the Texas Insurance Code, bad faith, fraud, and negligent misrepresentation in connection with the benefits dispute and repairs.  *See* Am. Compl. [#4] at 7–13.

On December 9, 2014, Wein, who is a citizen of Texas, filed his Original Petition against Liberty Lloyds of Texas Insurance Company, Liberty Mutual Group, Inc., and Liberty Mutual Auto and Home Services, LLC in the 281st Judicial District Court of Travis County, Texas.  Notice Removal [#1, at 7–21] Ex. A (Orig. Pet.) at 1.  Liberty Lloyds thereafter filed a Verified Denial in the state court, denying it is a proper party to this lawsuit on grounds it did not issue Wein's insurance policy.  *Id.* [#1, at 27–30] Ex. A (Verified Denial) at 1, 4.  The defendants removed the case to this Court on January 12, 2015, arguing Liberty Lloyds, then the only non-diverse defendant,[2] was improperly joined and this Court could therefore exercise diversity jurisdiction over Wein's claims.  *See id.* [#1, at 1–6] at 3–5.

On January 23, 2015, without seeking leave from the Court,[2] Wein filed an Amended Complaint [#4] which named an additional diverse defendant, Liberty Insurance Corporation, and several new, non-diverse defendants: Blackmon–Mooring Corporation and Blackmon Mooring of Austin, Inc. (collectively, Blackmon Mooring), the repair-company entities, and Mary Hamilton,

---

[2] The parties do not dispute the citizenship of any party to the litigation.

[2] *See* section II(B), *infra* (discussing the requirement a plaintiff seek leave of court before filing a post-removal amended complaint which adds non-diverse defendants).

Richard Campbell, Darrell Scott, and Nina Bujosa, the Liberty adjusters and investigators. The instant motion to remand followed.

## Analysis

### I.      Legal Standard

Any civil action brought in state court over which a federal court would have original jurisdiction may be removed from state to federal court. 28 U.S.C. § 1441(a). Familiarly, district courts have original jurisdiction over (1) federal-question suits and (2) diversity suits, which are civil actions between "citizens of different States" where the amount in controversy is over $75,000. *See* 28 U.S.C. § 1332(a). The Supreme Court has interpreted the diversity statute to require "complete diversity"—that is, the citizenship of every plaintiff must be different from that of every defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Further, diversity actions are removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). "[T]he burden of establishing federal jurisdiction is placed upon the party seeking removal[,]" and because removal jurisdiction raises significant federalism concerns, courts must strictly construe removal jurisdiction. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988).

### II.      Application

While Wein's glaringly obvious desire to avoid the federal forum has resulted in a superficially complex confusion of briefing, only two issues ultimately control the disposition of Wein's motion to remand: first, whether Liberty Lloyds was improperly joined, and second, what effect Wein's improperly-filed amended complaint has upon the Court's jurisdiction. As set forth below, the Court finds Liberty Lloyds was improperly joined, as it neither issued Wein's

homeowner's insurance policy nor participated in the handling of Wein's claim. Further, applying the factors set forth in *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987), the Court finds it would not have granted Wein leave to file his amended complaint. The Court therefore strikes Wein's amended complaint and denies his motion to remand.

## A.     Improper Joinder

To prove improper joinder, a removing party must show the plaintiff is unable to establish a cause of action against the non-diverse defendant under state law.[3]  *Cantor v. Wachovia Mortg., FSB*, 641 F. Supp. 2d 602, 606 (N.D. Tex. 2009).  In conducting an improper joinder analysis,

> the test . . . is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.

*Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc).  "A 'mere theoretical possibility of recovery under local law' will not preclude a finding of improper joinder."  *Id.* at 573 n.9 (quoting *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000)).[4]  Courts assess whether a plaintiff has a reasonable basis for recovery by conducting "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."  *Id.* at 573.  Generally, if the plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder.  *Id.*  However, if the plaintiff "has stated a

---

[3] The removing party may also show actual fraud in pleading the jurisdictional facts, *Cantor*, 641 F. Supp. 2d at 606, a theory Liberty does not raise.

[4] Strangely, Wein claims this aspect of the standard was rejected by the *Smallwood* court. *See* Reply [#15] at 3. Wein is plainly incorrect. The *Smallwood* court affirmed that a merely theoretical possibility of recovery is not enough to prevent an improper-joinder finding, and the Fifth Circuit has since restated the principle. *See, e.g., African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014) ("A mere theoretical possibility of recovery in state court will not preclude a finding of improper joinder." (citing *Smallwood*)).

claim, but has misstated or omitted discrete facts that would determine the propriety of joinder[,] . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id.* In all cases, "the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case," and the "party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." *Id.* at 573, 574.

As all of Wein's causes of action against Liberty Lloyds are based upon issuance of the policy to Wein and handling of Wein's claim, Defendants assert improper joinder. Defendants argue Wein has no reasonable basis for recovery against Liberty Lloyds because Liberty Lloyds did not issue Wein's insurance policy or participate in handling his claim in any way. Defendants raised this argument in their notice of removal and attached a verified denial to that effect. *See* Notice Removal [#1, at 1–6] at 4; Verified Denial at 1. In his motion to remand, Wein addresses Defendants' argument by noting the "sole evidence" Liberty Lloyds was not the issuer was Defendants' own verified denial, stating he "pled that Liberty Lloyds issued the insurance policy," and concluding "at best, [the] verified denial creates a fact issue that must be resolved in [Wein's] favor." Mot. Remand [#12] at 3–4.

The Court does not agree this fact issue must be resolved in Wein's favor. Rather, the Court believes this is precisely the sort of scenario where it is appropriate to pierce the pleadings and consider summary evidence, as Wein has omitted discrete facts that would determine the propriety of joinder. The *Smallwood* court gave several examples of the type of factual questions which might appropriately lead a court to consider summary evidence: "For example, the in-state doctor defendant did not treat the plaintiff patient, the in-state pharmacist defendant did not fill a prescription for the plaintiff patient, a party's residence was not as alleged, or any other fact that easily can be disproved

if not true." *Smallwood*, 385 F.3d at 574 & n.12.  Here, whether or not Liberty Lloyds issued Wein's policy or handled his claim is as uncomplicated and straightforward a question as whether a doctor treated a patient or whether a pharmacist filled a prescription.  Consequently, the Court will consider Defendants' summary evidence.

Defendants present two undisputed pieces of evidence: the affidavit of Jonathan Farsaci, a Senior Property Loss Specialist with Liberty and the custodian of records related to Wein's claim, and a copy of Wein's insurance policy.  Based upon his review of Wein's claim file and the reports, correspondence, and invoices related to the claim, Farsaci avers the policy was issued, the claim was handled, and payments to Wein were made by Liberty Insurance Corporation, not Liberty Lloyd's.  *See* Resp. [#14-1] Ex. A (Farsaci Aff.) ¶¶ 1, 3.  Further, the insurance policy attached to Farsaci's affidavit indicates, on page two of the Policy Declarations, that the coverage under the policy is "provided and underwritten by Liberty Insurance Corporation, Boston MA."  *Id.* [#14-2] Ex. A1 (Policy) at LM0005.  In his reply to Defendants' response, Wein failed to produce any evidence disputing the Farsaci affidavit or the Policy.

In light of Defendants' undisputed evidence, the Court would normally end its inquiry here and find Liberty Lloyds improperly joined.  *See Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 250 (5th Cir. 2011) (finding defendants carried their burden to demonstrate improper joinder where they adduced undisputed affidavit and loan documents showing non-diverse financial institution neither originated nor serviced the loan at issue).  Wein, however, raises a second argument, claiming Liberty Lloyds is nevertheless properly joined because Wein pled joint enterprise and alter ego theories of recovery.  This argument need not detain us long, however, as Wein's allegations related to joint enterprise and alter ego easily fail a Rule 12(b)(6)-type analysis; all are

conclusory and unsupported by any factual material, let alone enough factual material to nudge them across the line from conceivable to plausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The entirety of Wein's joint-enterprise allegations are: "[The Liberty defendants] have engaged in a joint enterprise in that they have (1) an express or implied agreement, (2) a common purpose, (3) a common pecuniary interest, and (4) an equal right to control the enterprise. [The Liberty defendants] are therefore jointly liable for the acts of the others." Am. Compl. [#4] at 14. Wein's alter ego allegations—which allege, in five theories separately alleged "in the alternative," that each Liberty defendant is the alter ego of Liberty Lloyds and all of the Liberty defendants are alter egos of one another—are equally conclusory and unsupported. The only allegation concerning whether Liberty Mutual Group is an alter ego of Liberty Lloyds, for example, is: "Further pleading in the alternative, Liberty Mutual Group, Inc. is the alter ego of Liberty Lloyds[]. Therefore Liberty Mutual Group, Inc. is liable for the actions of Liberty Lloyds[]." *Id.* Clearly, this is not enough.

Wein's labels, conclusions, and formulaic recitations concerning joint enterprise and alter ego fail a Rule 12(b)(6) analysis, and thus fail to persuade the Court Liberty Lloyds is properly joined despite having neither issued nor serviced Wein's insurance policy. *See Smallwood*, 385 F.3d at 573; *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986) (stating courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Because all of Wein's causes of action against Liberty Lloyds stem from issuing the policy in question or handling the claim, because Liberty Lloyds did neither, and because Wein's joint enterprise and alter ego allegations fail to state a claim, the Court concludes Liberty Lloyds was improperly joined. Accordingly, the Court will not consider Liberty Lloyd's Texas citizenship in determining whether complete diversity obtains.

-7-

**B.      Effect of Wein's Improperly-Filed Amended Complaint**

As previously noted, Wein filed an amended complaint eleven days after the state-court Liberty defendants removed the case, naming Liberty Insurance Corporation, the individual Liberty adjusters and investigators, and the Blackmon Mooring entities as defendants, all of whom save Liberty Insurance Corporation are non-diverse.   Nineteen days later, Wein filed his motion to remand.  As explained below, before filing a post-removal amended complaint joining non-diverse parties, Wein was required to seek leave of court.  Even had Wein properly sought leave, however, the Court would have denied it, as it appears to the Court Wein's primary purpose in adding the additional defendants was to destroy federal diversity jurisdiction.  Consequently, the Court strikes Wein's amended complaint and denies his motion to remand.

As a general rule, jurisdictional facts are determined at the time of removal, not by subsequent events.  *Louisiana v. Am. Nat'l Prop. & Cas. Co.*, 746 F.3d 633, 635 (5th Cir. 2014). Thus, a court would retain jurisdiction even if the amount in controversy falls below the jurisdictional amount or one of the parties changes residency during the pendency of the suit. *Hensgens*, 833 F.2d at 1180–81.  In diversity cases, however, addition of a non-diverse party destroys diversity jurisdiction.  *Id.* at 81 (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978)).  When an amended complaint filed after removal destroys diversity, leave of court is required even where the existing defendant has not filed responsive pleadings.  *Ascension Enters., Inc. v. Allied Signal, Inc.*, 969 F. Supp. 359, 360 (M.D. La. 1997) (citing *Whitworth v. TNT Bestway Transp. Inc.*, 914 F. Supp. 1434, 1435 (E.D. Tex. 1996)).  If the Court gives leave, the suit must be remanded to state court.  *See* 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy . . . jurisdiction, the court may deny joinder, or

permit joinder and remand the action to the State court."); *Sharp v. Kmart Corp.*, 991 F. Supp. 519, 527 (M.D. La. 1998) ("If a non-diverse party is added to the case after it is removed . . . the Court must remand the suit to state court.").

Because adding new, non-diverse parties in a removed case threatens the original defendant's choice of forum, when determining whether to permit an amended pleading which does so, courts "should scrutinize that amendment more closely than an ordinary amendment." *Hensgens*, 833 F.2d at 1182. In *Hensgens*, the Fifth Circuit set forth five factors to guide the analysis: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in amending; (3) whether the plaintiff will be significantly injured if the amendment is not permitted; and (4) any other factors bearing on the equities. *Id.*; *Anzures v. Prologis Tex. I LLC*, 886 F. Supp. 2d 555, 562 (W.D. Tex. 2012). Application of those factors to this case shows leave to file Wein's amended complaint would not have been granted.

### 1.      Extent to which the purpose of the amendment is to defeat federal jurisdiction

The first *Hensgens* factor weighs against Wein. In analyzing the first factor, courts in this Circuit "consider whether the plaintiff[] knew or should have known the identity of the nondiverse defendant when the state court complaint was filed." *Anzures*, 886 F. Supp. 2d at 562 (internal quotes omitted). Where the plaintiff knew about the non-diverse party's activities at the time he filed suit but did not include that party as an original defendant, "courts have viewed any later attempt to add the nondiverse party as a defendant as nothing more than an attempt to destroy diversity." *In re Norplant Contraceptive Prods. Liab. Litig.*, 898 F. Supp. 433, 435 (E.D. Tex. 1995).

That is precisely the situation here. At the time Wein filed his original petition in state court, he knew the identities of all the non-diverse defendants he added in his amended complaint; indeed,

in the original petition, Wein named Mary Hamilton, referenced the investigatory examinations he was given by Nina Bujosa (unnamed), and described some of the communications he had with Rick Campbell and Darrell Scott (also unnamed) during handling of the claim. *See* Orig. Pet. at 3–4. As for the Blackmon Mooring defendants, Wein has not argued or even suggested he did not know their identities at the time he filed the original petition—perhaps because, given that Blackmon Mooring performed the repairs on Wein's home, he cannot do so credibly. Additionally, when Defendants pointed out most of the above in their briefing, Wein chose to sidestep the issue altogether rather than engage with the questions raised.[5] *See* Reply [#15] at 6 ("Since Plaintiff has asserted valid causes of action against Blackmon Mooring and Individual [sic] Defendants and timely added them, they are proper parties to this lawsuit."). Given all of the above, the Court concludes Wein named the individual and Blackmon Mooring defendants for the purpose of defeating diversity jurisdiction. *See O'Connor v. Auto. Ins. Co.*, 846 F. Supp. 39, 41 (E.D. Tex. 1994) (concluding amendment was primarily intended to destroy jurisdiction where plaintiff referred to non-diverse defendant in the original petition); *Adey/Vandling, Ltd. v. Am. First Ins. Co.*, No. A-11-CV-1007-LY, 2012 WL 534838, at *3 (W.D. Tex. Feb. 17, 2012) (Austin, Mag. J.), *adopted by* Order Adopting Report & Recommendation [#36] (W.D. Tex. May 11, 2012) (same).

## 2.    Whether Wein has been dilatory in amending

While the question is somewhat closer, the second *Hensgens* factor also weighs against Wein. "'A delay of two months after the filing of the original complaint or almost thirty days after the notice of removal has been found dilatory.'" *Id.* (quoting *Irigoyen v. State Farm Lloyds*, No. CA-C-

---

[5] It appears Wein also believes the salient question is whether the individual and Blackmon Mooring defendants were improperly (or, in the old parlance, fraudulently) joined. Wein is incorrect. "The fraudulent joinder doctrine does not apply to joinders that occur after an action is removed. . . . [T]he doctrine has permitted courts to ignore (for jurisdictional purposes) only those non-diverse parties on the record in state court at the time of removal." *Cobb v. Delta Exports*, 186 F.3d 675, 677 (5th Cir. 1999).

03-324-H, 2004 WL 398553, at *4 (S.D. Tex. Jan. 5, 2004)).  Additionally, courts have found plaintiffs acted in a dilatory fashion by failing to sue a non-diverse defendant in state court although the non-diverse defendant's role in the case was known at that time.  *See O'Connor*, 846 F. Supp. at 41 (holding plaintiff was dilatory in failing to sue insurance agency in state court where agency was named in original petition); *Gallegos v. Safeco Ins. Co.*, No. H-09-2777, 2009 WL 4730570, at *4 (S.D. Tex. Dec. 7, 2009) (finding dilatory factor weighed against plaintiff who filed motion to amend two months after filing original action and who knew identity of non-diverse defendant at time state suit was filed).  Additionally, in some cases, the speed with which the plaintiff seeks to add non-diverse defendants following removal "is strong evidence of the . . . true motive being to force the remand of the case."  *Adey/Vandling*, 2012 WL 534838 at *4.

Wein filed his amended complaint on January 13, 2015, a month and a half after filing his original state petition on December 9, 2014, and eleven days after Defendants filed their notice of removal on January 12, 2015.  A month and a half approaches the two-month delay between filing the original complaint and filing the amendment found dilatory in other cases.  Additionally, as previously discussed, Wein knew the identities of the individual and Blackmon Mooring defendants at the time he filed his state petition.  Wein also fails to address or dispute Defendants' argument he was dilatory in seeking to join the non-diverse defendants.  Consequently, the Court finds the second factor weighs slightly against Wein.

### 3.    Whether Wein will be significantly injured if amendment is not permitted & other equitable factors

The Court finds the third *Hensgens* factor also weighs against Wein.  In analyzing whether a plaintiff will be significantly injured if not permitted to amend, courts consider "whether a plaintiff

can be afforded complete relief in the absence of the amendment," and whether "the plaintiff will be forced to litigate their action against the non-diverse defendants in a different court system." *Adey/Vandling*, 2012 WL 534838 at *4 (internal quotes omitted). Here, there is no indication the originally-sued Liberty defendants would be unable to satisfy a judgment. And while it is true Plaintiff will be required to pursue suit against the individual Liberty defendants and Blackmon Mooring defendants in state court if he so desires, given Plaintiff did not name those defendants in his state suit despite being aware of their respective roles, there is reason to question whether Wein will do so. *See id.* (noting "it is not at all clear" whether the plaintiff would pursue state suit against non-diverse defendants which he knew of but did not name in his original petition). In any event, the Court agrees with Defendants the possibility of parallel litigation "cannot, by itself, outweigh the first—and most important—factor. 'Jurisdiction is not so malleable that plaintiffs can creatively forum shop through manipulation of the Rules.'" *Id.* (quoting *Sanders v. Gen. Motors Corp.*, No. 01-1579, 2001 WL 1297443, at *3 (N.D. Tex. Oct. 10, 2001)).

Finally, no other equitable factors are present in this case. In sum, the *Hensgens* factors weigh against permitting Wein's amended complaint to stand.

## Conclusion

Struggling to avoid the federal forum, Wein improperly joined one non-diverse defendant and filed a post-removal amendment attempting to strengthen his case for remand. Wein was unsuccessful; the original Liberty defendants are entitled to their federal forum.

Accordingly,

IT IS ORDERED that Plaintiff Marc Wein's Amended Complaint [#4] is STRICKEN; and

-12-

IT IS FINALLY ORDERED that Plaintiff Marc Wein's Motion to Remand [#12] is

DENIED.

SIGNED this the _18th_ day of March 2015.

SAM SPARKS
UNITED STATES DISTRICT JUDGE