**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| MARC WEIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL NO. 1:15-CV-019-SS |
| | § | |
| LIBERTY INSURANCE | § | |
| CORPORATION, | § | JURY DEMANDED |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S SECOND AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT

NOW COMES, Plaintiff, MARC WEIN, complaining of Defendant, LIBERTY INSURANCE CORPORATION (hereinafter sometimes referred to as "Liberty Mutual") for causes of action would show this Court as follows.

### I.
### THE PARTIES

1.    Plaintiff Marc Wein is an individual residing in Travis County, Texas.

2.    Defendant, Liberty Insurance Corporation, is a corporation doing business in Travis County, Texas, and may be served by serving its registered agent Corporation Services Company at 211 East 7th Street Suite 620 Austin, Texas 78701.

### II.
### JURISDICTION AND VENUE

3.    The amount in controversy exceeds the minimum jurisdictional limits of this Court. This Court has jurisdiction under diversity jurisdiction, conferred via 28 U.S.C. § 1332(a).

4.    Venue is mandatory in Travis County pursuant to Texas Insurance Code Section

544.054 which provides that a person who has sustained economic damages due to unfair discrimination by a person engaged in the business of insurance may maintain an action in a district court in Travis County, Texas, and not elsewhere, and Plaintiff has sustained economic damages due to unfair discrimination by Defendant.

5.      Venue is also proper in Travis County because all or a substantial portion of the events and omissions giving rise to Plaintiff's claims occurred in Travis County.

**III.**
**FACTS**

6.      Wein has been covered by a homeowners insurance policy issued by Liberty Mutual since 2010.

7.      That policy named Wein as the insured and insured Wein's home at 19314 Inverness Drive, Spicewood, Texas 78669 and the contents thereof.

8.      Wein has renewed the policy each year to the present. The insurance policy was, at all times material to this action, in full force and effect.

9.      The insurance policy was an "all-risks" policy.

10.      Wein lived in the residence with his family.

11.      On or about January 28, 2013, Wein reported a claim to his insurer, Liberty Mutual, regarding extensive damages cause by vandalism of his home.

12.      On or about February 7, 2013, Liberty Mutual assigned Mary Hamilton ("Hamilton") as the adjuster for Wein's claim.

13.      Upon being assigned to Wein's claim, Hamilton informed Wein that the damage to his home was covered under his policy and that Liberty Mutual would pay for Wein's living expenses as long it took to repair Wein's home.

14.     In addition to Hamilton, Liberty Mutual assigned Richard Campbell ("Campbell") from its special investigations unit as an adjuster on Wein's claim.

15.     After Campbell was assigned to Wein's claim, neither Hamilton nor Campbell nor any other Liberty Mutual employee returned any calls from Marc Wein for several weeks.

16.     On February 8, 2013, Wein received a reservation of rights letter from Liberty Mutual which also requested documentation of his losses.

17.     On February 13, 2013, Wein submitted a proof of loss form and documentation of his losses to Liberty Mutual.

18.     On April 16, 2013, Hamilton informed Wein that Liberty Mutual was done with its investigation. However, neither Liberty Mutual, Hamilton, nor Campbell offered to settle Wein's claims.

19.     On April 21, 2014, Darrell Scott ("Scott") sent Wein a letter stating Liberty Mutual would not provide any payments to Wein if he did not provide additional documentation and implying Wein was committing fraud against Liberty Mutual.

20.     Wein provided the documentation requested by Scott.

21.     On May 2, 2013, Hamilton estimated Wein's loss to be $98,476.80 and estimated his net claim to be $45,583.76. This amount is well below the actual amount of damage and cost to repair Wein's home.

22.     The estimated loss provided by Hamilton did not include any losses in the two bed rooms at the back of Wein's home and the entire downstairs of Wein's home. Hamilton did not provide Wein a reason as to why the entire amount of his losses were not covered.

23.     On May 8, 2013, Nina Bujosa ("Bujosa") noticed an examination under oath for Wein on May 17, 2013. Bujosa later rescheduled this examination until June 17, 2013.

24.     On May 28, 2013, Wein moved out of his home so that repairs could begin to be made to his home.

25.     On June 17, 2013, Wein gave an examination under oath to Bujosa. At that examination, Bujosa requested Wein provide additional documentation of his losses. Wein provided this documentation.

26.     On August 22, 2013, Bujosa requested Wein provide additional documentation of his loss. Wein provided this documentation.

27.     In October 2013, Liberty Mutual informed Wein that they would no longer pay for living expenses while his home was being repaired. As a result, Wein was forced to move back into his home although repairs were still ongoing.

28.     On October 10, 2013, Wein gave a second examination under oath to Bujosa. At that examination, Bujosa requested Wein provide additional documentation of his losses. Wein provided this documentation.

29.     Wein's home remains damaged, and his family continues to live in an unrepaired home, all as a result of the conduct of Defendant.

30.     Upon information and belief, Liberty Insurance Corporation underwrote Plaintiff's insurance policy, has been granted authority for the handling of claims and is granted the authority to determine in each instance whether a claim shall be paid in full, compromised, or contested. Liberty Insurance Corporation is therefore liable for, and has caused Plaintiff's damages pursuant to the causes of action listed below by failing to pay damages that Liberty Mutual owes Plaintiff.

## IV.
## CAUSES OF ACTION

### A.  Unfair Discrimination by Liberty Mutual

31.    Liberty Mutual has engaged in unfair discrimination by making or permitting unfair discrimination between individuals of the same class and of essentially the same hazard in the benefits payable under a policy or contract of insurance or in any other manner whatever in direct violation of Texas Insurance Code, Sec. 544.052.

32.    Specifically, Liberty Mutual has stated to Plaintiff that it will only pay Plaintiff a total of $45,583.76 on his claim despite the fact that Plaintiff's home suffered substantially more than that amount in damages.   Liberty Mutual is therefore treating Plaintiff differently than other individuals of the same class, as Liberty Mutual has paid other policyholders of Liberty Mutual the full value of their claims.

33.    Because of these violations, Plaintiff is entitled to economic damages plus court costs, attorneys' fees, and expert witness fees. Liberty Mutual has further knowingly committed these violations; and, therefore, Plaintiff may be awarded a civil penalty in an amount of not more than $25,000 per claimant pursuant to Texas Insurance Code, Sec. 544.054(e).

**B.  Negligence and Gross Negligence by Liberty Mutual**

34.    Liberty Mutual was negligent and grossly negligent in failing to timely make payment for the proper repairs and remediation of Plaintiff's home; failing to pay Plaintiff's living expenses; and in failing to make the necessary arrangements to assure that such proper repairs were promptly undertaken and completed, along with other acts of negligence.

35.    Liberty Mutual was negligent and grossly negligent when it refused to timely make payment for proper repairs and remediation efforts. Liberty Mutual undertook the obligation to inspect the damage and advise Plaintiff as to what was and was not covered, what was and was not needed and what was and was not a reasonable repair or temporary repair. Liberty Mutual was negligent and grossly negligent in so advising Plaintiff. Liberty Mutual did not perform a proper

investigation, denied covered losses, along with other acts of negligence. Liberty Mutual's mishandling of Plaintiff's claims remains ongoing.

### C. Breach of Contract by Liberty Mutual

36.     Despite the fact that all conditions precedent to Plaintiff's recovery have been performed or have occurred, Liberty Mutual has failed and refused to pay Plaintiff in accordance with its contractual obligations.   Liberty Mutual's unjustified refusal to investigate and properly and timely and completely adjust Plaintiff's claims in accordance with its policy of insurance has compelled Plaintiff to institute this litigation.

37.     Liberty Mutual has failed to comply with its duties after loss set forth in Plaintiff's insurance contract. Plaintiff is entitled to all damages resulting from Liberty Mutual's ongoing breach, including all consequential damages resulting from that breach and attorneys' fees reasonably and necessarily incurred.

38.     Each separate loss that Plaintiff has provided Liberty Mutual with notice constitutes a separate breach of contract. The policy provides a prompt payment provision in its duties after loss provisions. Liberty Mutual breached its duties after loss in each of the claims of which they received notice, in that it did not provide payment for each claim or begin its investigation or acknowledge each claim within the time periods described in the policy.   Each of these breaches of contract caused damages to the Plaintiff.

### D. Deceptive Trade Practices and Violations of the Insurance Code by Liberty Mutual

39.     The conduct of Liberty Mutual constitutes violations of the Texas Deceptive Trade Practices and Consumer Protection Act ("DTPA") and Chapter 541 of the Texas Insurance Code. Plaintiff obtained and/or purchased from Liberty Mutual goods or services in the form of insurance on his residence and the contents within such abode, as well as prompt, fair and efficient claims

handling. Plaintiff was a consumer in making said purchase(s) and/or otherwise obtaining such goods and services, and relied upon Liberty Mutual, Hamilton, Campbell, Scott, and Bujosa in acquiring such goods or services.

40.     Liberty Mutual, Hamilton, Campbell, Scott, and Bujosa violated Secs.17.46 (b)(5), (7), (9), (12) and (24), Tex. Bus. & Com. Code, by their acts, omissions and false representations summarized in the facts stated above. As the facts stated above reflect, the Defendant's conduct constitutes an unconscionable action or course of action as defined in Sec. 17.45(a)(5), Tex. Bus. & Com. Code, and made actionable through Sec.17.50(a)(3), Tex. Bus. & Com. Code. Plaintiff's damages are a result of the misrepresentations, wrongful acts, and omissions of Liberty Mutual, Hamilton, Campbell, Scott, and Bujosa and the goods and services procured from Liberty Mutual by Plaintiff.

41.     The above-referenced wrongful acts and omissions of Liberty Mutual, Hamilton, Campbell, Scott, and Bujosa summarized hereinabove constitute violations of Section 541.060(a) of the Texas Insurance Code. These individuals' violations include, but are not limited to:

1.     Knowingly misrepresenting to Plaintiff pertinent facts or policy provisions relating to coverages at issue;

2.     Failing to provide promptly to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim;

3.     Not attempting in good faith to effectuate prompt, fair, and equitable settlement of Plaintiff's claims when liability has become reasonably clear;

4.     Failing to promptly give Plaintiff a reasonable explanation for the denial of the claim;

5.      Refusing to pay a claim without conducting a reasonable investigation;

6.      Failing to attempt in good faith, to effectuate a prompt, fair, and equitable settlement under one portion of a policy of a claim with respect to which the insurer's liability has become reasonably clear in order to influence the claimant to settle an additional claim under another portion of the coverage;

7.      Misrepresenting Plaintiff's insurance policy; and

8.      Failing within a reasonable time to affirm or deny coverage of a claim.

42.     Specifically, and without limitation, Hamilton, Campbell, and Scott misrepresented the cause of, scope of, and cost to repair the damage to Wein's home, as well as the amount of and insurance coverage for Wein's loss under his policy. Hamilton, Campbell, and Scott made these and other misrepresentations to Wein as well as Liberty Mutual. Wein and Liberty Mutual relied on these misrepresentations. As a result of this reliance, Liberty Mutual underpaid Wein on his insurance claims.

43.     Specifically, and without limitation, Liberty Mutual, Hamilton, Campbell, Scott, and Bujosa failed to effectuate a prompt, fair, and equitable settlement of Wein's claim by repeatedly asking him for documentation that he had already submitted.

44.     Specifically, and without limitation, Hamilton misrepresented the extent of Wein's insurance coverage by telling him Liberty Mutual would pay for Wein's living expenses until his home was repaired and that his claim was covered. In actuality, Liberty Mutual stopped paying Wein's living expenses well before his home was repaired and Liberty Mutual did not pay for any losses to significant portions of Wein's home including, but not limited to, the two bed rooms at the back of Wein's home and the entire downstairs of Wein's home.

45.     Specifically, and without limitation, Hamilton failed to provide Wein with a

reasonable explanation for the denial of many parts of his claim. Hamilton did not provide Wein with any reason as to why the entire amount of his losses were not covered.

46.     Such violations of the Texas Insurance Code are actionable under Section 541.151 of the Texas Insurance Code and are also actionable under Sec. 17.50(a)(4) of the DTPA. Plaintiff has been compelled to engage the services of attorneys. Plaintiff is therefore entitled to recover the reasonable sum for the necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals or the Supreme Court of Texas.

47.     Plaintiff further alleges that Liberty Mutual, Hamilton, Campbell, Scott, and Bujosa knowingly and/or intentionally committed the acts complained of and seeks not more than three times the amount of actual damages and/or economic damages.

### E. Other Insurance Code Violations by Liberty Mutual

48.     Liberty Mutual's conduct summarized hereinabove also constitutes violations of the prompt payment and delay in payment provisions of the Texas Insurance Code, Sections 542.057 and 542.058.  Plaintiff is entitled to recover from Liberty Mutual the additional sum of 18 percent per year of the amount payable under the policy, as well as attorneys' fees and other damages as authorized by Section 542.060 of the Texas Insurance Code.

### F. Bad Faith by Liberty Mutual, Hamilton, Campbell, Scott, and Bujosa

49.     Because Plaintiff is a person entitled to make a direct claim under the terms of the policy issued by Liberty Mutual, and because the claims submitted by Plaintiff for damage to his home are covered under the terms of the policy issued by Liberty Mutual, by virtue of the special relationship between Plaintiff and Liberty Mutual, Liberty Mutual, Hamilton, Campbell, Scott, and Bujosa owed Plaintiff duties of good faith and fair dealing with respect to Plaintiff's claims.

50.     Liberty Mutual, Hamilton, Campbell, Scott, and Bujosa breached these duties by

refusing to pay a claim without conducting a reasonable investigation, and refusing to open and timely investigate claims, or to pay proper benefits and delaying payment of benefits, when Liberty Mutual knew or should have known that it was reasonably clear that benefits were due under the policy. The conduct of Liberty Mutual, Hamilton, Campbell, Scott, and Bujosa was tortious in that it engaged in the acts and omissions summarized above.

51.     As a proximate result of the tortious conduct of Liberty Mutual, Hamilton, Campbell, Scott, and Bujosa, Plaintiff was damaged in all the particulars set out herein, including all elements of damage claimed below. Furthermore, the conduct of Liberty Mutual, Hamilton, Campbell, Scott, and Bujosa was malicious, intentional, grossly negligent or fraudulent so as to entitle Plaintiff to an award of exemplary damages in an amount to be determined by the trier of fact.

## G.   Fraud by Liberty Mutual

52.     As stated above, Liberty Mutual, through its agents, employees and representatives, undertook to investigate Plaintiff's claims, supposedly by qualified adjusters, investigators, contractors or other service providers performing proper tests. The tests conducted by these representatives of Liberty Mutual were not properly performed, were not adequate to remediate the Plaintiff's residence, and were done so as to minimize Liberty Mutual's payments under the claims.

53.     Statements made by Liberty Mutual were fraudulent. Liberty Mutual further has implemented programs in order to perpetuate a fraudulent scheme to deny its insureds, including Plaintiff, policy benefits owed by Liberty Mutual to its insureds. These problems were appreciated by Liberty Mutual throughout the relevant periods. Liberty Mutual intended for Plaintiff to rely on their false statements and misrepresentations; and he did, in fact, rely to his detriment on the false

statements made by Defendant. As a result of the fraudulent statements of Defendant, Plaintiff has been damaged as set forth herein; and Defendant is liable for all such damages, and punitive damages and/or exemplary damages, as a result of such fraudulent misrepresentations, including all damages outlined below.

**H. Negligent Misrepresentation by Liberty Mutual, Hamilton, Campbell, and Scott**

54.    Further pleading in the alternative, Liberty Mutual, Hamilton, Campbell, and Scott made representations in the course of its business or in a transaction in which they had a pecuniary interest; Liberty Mutual, Hamilton, Campbell, Scott, and Bujosa supplied false information for guidance of Plaintiff; Liberty Mutual, Hamilton, Campbell, Scott, and Bujosa did not exercise reasonable care or competence in obtaining or communicating the information; and Plaintiff suffered pecuniary losses by justifiably relying on Defendant's misrepresentations.

55.    These misrepresentations were a producing/proximate cause of Plaintiff's damages, as set forth below. These misrepresentations include but are not limited representing that Plaintiff had not submitted sufficient documentation to support his loss (Liberty Mutual, Hamilton, Campbell, Scott, and Bujosa); the extent of Plaintiff's insurance coverage (Liberty Mutual and Hamilton); and the length of time Liberty Mutual would pay Wein's living expenses (Liberty Mutual and Hamilton).

**V.**

**THEORIES OF LIABILITY**

56.    Liberty Insurance Corporation is vicariously liable for the acts of its agents, specifically the adjusters who handled Plaintiff's claims and the company that employed them, through the doctrine of respondeat superior and under common law agency principals.

## VI.
## DAMAGES

As a direct and/or producing and/or proximate result of the acts and omissions of Defendant, Plaintiff has sustained substantial actual damages, including all consequential damages as a result of Defendant's breach of contract and violations of the DTPA and the Texas Insurance Code.

As a further result of Defendant's acts and omissions, Plaintiff has sustained substantial economic damages including but not limited to the value of his home, rental costs, and the cost to repair or replace personal possessions, the reasonable and necessary cost to repair or replace the house; and stigma damages, i.e., the loss of value of the house, because of the nature of the defects, even after the defects have been repaired; loss in income; past and future out-of-pocket expenditures not otherwise covered under the policy reasonably made by Plaintiff or will likely be made in the future, including the cost of hiring experts for investigation of the problems at the house; and damages in an amount equaling the diminished value of the property.

Plaintiff seeks monetary relief of over $1,000,000.00.

Plaintiff seeks all actual damages for his property damages and other losses, in addition to economic damages, punitive and/or exemplary damages, including the following:

1.  Benefits payable under the insurance policy made the basis of this suit from Liberty Mutual, including the total cost to remediate, remove and then rebuild the house or replace the house, and repair and/or replace the contents contained therein, as well as additional living expenses, past and future;

2.  Statutory penalties for Liberty Mutual's failure to comply with the prompt payment provisions of Section 542.057 of the Texas Insurance Code;

3.  Statutory penalties for Defendant's knowing and/or intentional violations of the DTPA and Chapter 541 of the Insurance Code;

4.  All consequential damages resulting from the tortious acts and omissions

committed by Defendant;

5.      Mental anguish damages;

6.      Attorneys' fees;

7.      Prejudgment and post-judgment interest as provided by law;

8.      Costs of suit;

9.      Expert witness fees pursuant to Texas Insurance Code, Sec. 544.054(d);

10.      A civil penalty pursuant to Texas Insurance Code, Sec. 544.054(e) of not more than $25,000 per claimant;

11.      Punitive and exemplary damages; and

12.      Such other and further relief to which Plaintiff may show himself justly entitled, at law or in equity.

## VII.
## DEMAND FOR JURY

Plaintiff has demanded a trial by jury on all issues and facts in this case.

## VIII.
## REQUEST FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and, upon final trial, Plaintiff has Judgment against Defendant, as requested above, and as follows:

1.      Judgment against Defendant, for all damages alleged in this petition;

2.      Interest before and after judgment at the highest rate provided by law, until paid;

3.      Costs of suit;

4.      Reasonable and necessary attorneys' fees and expert witness fees; and

5.      Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

Ross Law Group
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile

/s/ Daniel B. Ross
Daniel B. Ross
State Bar No. 00789810
dan@rosslawgroup.com

ATTORNEY FOR PLAINTIFF


CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to the following counsel of record automatically through the Court's CM/ECF electronic filing system or by certified mail, return receipt requested or facsimile on this 21st day of April, 2015:

Catherine L. Hanna
Laura D. Tubbs
Hanna & Plaut, L.P.
211 East Seventh Street
Suite 600
Austin, Texas 78701

/s/ Daniel B. Ross
Daniel B. Ross